IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GEORGE MERCIER, <br><br> Plaintiff, <br><br> vs. <br><br> THOMAS VOELKL, <br><br> Defendant. | ORDER DISMISSING THE CASE <br><br><br><br> Case No. 2:05-CV-00954 PGC |

George Mercier, a resident of Las Vegas, Nevada, filed a *pro se* complaint against Thomas Voelkl, a resident of New York, alleging federal question jurisdiction under 28 U.S.C. § 1331.  The complaint "is an action to see the federal order that any and all telephone conversations by and between Thomas Voelkl and Carol Ann Darling are null and void as a matter of law, and cannot be used against [Mercier]."  Mr. Mercier seeks no monetary damages from the Mr. Voelkl, and cites this as a "protective action."[1]  Mr. Mercier further requests an order by the court directing Mr. Voelkl to "cease and desist from talking to Carol Ann further" and to exclude Ms. Darling and any evidence offered by her from any further legal proceeding against Mr. Mercier.

---

[1] *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. __ n.9 (2005) ("There is nothing necessarily inappropriate, however, about filing a protective action.").

Mr. Mercier relies on *Totten v. United States*,[2] as the basis for his suit. He argues that the U.S. Supreme Court recently affirmed *Totten* in *Tenet v. Doe*,[3] and that the Supreme Court's exclusionary rules in *Totten* include the marital relations privilege between spouses. Indeed, the "marital communications privilege protects statements or actions that are intended as a communication by one spouse to the other, that are made during the existence of a valid marriage, and that are intended as confidential by the spouse who makes the communication."[4] Federal common law assumes private communications between spouses are intended to be confidential and privileged.[5] As such, Mr. Mercier's request to affirm this privilege is not required, although the court does recognize that exceptions to the marital communications privilege do exist.

What is more troubling for the court, however, is that appears to be no "case or controversy" before this court. As the Supreme Court has noted, filing a protective action is fine in certain instances, but Mr. Mercier has not shown the possibility of an actual controversy brewing between him and Mr. Voelkl. The court may not unilaterally impose restrictions on a person living in its district merely because a future legal proceeding may arise someday, in some part of the country, absent a showing of good cause. Although the court is required to give *pro se* filings charitable interpretation, Mr. Mercier's complaint does not allege any federal question which would make 28 U.S.C. § 1331 jurisdiction proper. And Mr. Mercier has not alleged any

---

[2] 92 U.S. 105 (1876).

[3] 544 U.S. __ (Mar. 2, 2005).

[4] *United States v. Strobehn*, 421 F.3d 1017, 1021 (9th Cir. 2005).

[5] *Id*.

facts that would bring his action to this court under diversity jurisdiction. As such, the court dismisses Mr. Mercier's complaint without prejudice. The case is no longer referred to Magistrate Judge Brooke C. Wells under 28 U.S.C. § 636(b)(1)(B) (#4). The clerk's office is directed to close the case.

      DATED this 29th day of November, 2005.

                            BY THE COURT:

                            _____
                            Paul G. Cassell
                            United States District Judge